UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61783-UU

ELLIOT HICKEY, individually and on
behalf of all those similarly situated,

    Plaintiff,

v.

STRALEY & OTTO, P.A.,

    Defendants.

_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff ELLIOT HICKEY ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant STRALEY & OTTO, P.A. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**1.    JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.    PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is a Florida corporation, with its principal place of business located in Broward County, Florida.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.  DEMAND FOR JURY TRIAL**

8. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.  ALLEGATIONS**

9. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The Consumer Debt is a "debt" governed by the FDCPA . *See* 15 U.S.C § 1692a(5).

14. Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C § 1692a(6).

15. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant mailed a collection letter, dated December 18, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

18. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

19. As a result of the Collection Letter, Plaintiff paid money and/or funds to Defendant, of which was intended to satisfy some or all of the Consumer Debt.

**5.    CLASS ALLEGATIONS**

20. This action is brought on behalf of a class (the "FDCPA Class") consisting of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) and said letter violates § 1692g(a), § 1692g(b) or § 1692e(11) of the FDCPA.

21. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which violate § 1692g(a), § 1692g(b), § 1692e, § 1692e(10), and/or § 1692e(11) of the FDCPA as set forth below.

5.1    EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

22. Common questions of law and fact exist as to the FDCPA Class and otherwise predominate over any issues involving only individual class members.

23. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

24. The principal legal issue for the FDCPA Class is whether Defendant, by and through the collection letters it mailed out to Plaintiff and members of the FDCPA Class, violated § 1692g(a), § 1692g(b) or § 1692e(11) of the FDCPA.

25. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

26. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

27. Plaintiff is an adequate representative of each of the classes.

28. Plaintiff will fairly and adequately protect the interests of the classes.

29. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

30. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)**

32. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

33. Section 1692g(a) requires, among other things, that Defendant adequately inform the least sophisticated consumer of the information and/or rights the consumer enjoys under § 1692g(a) – of which includes the disclosures required by § 1692g(a)(5) – either within Defendant's initial communication, or within five days thereof, in writing.

34. As set forth above, the Collection Letter represented Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt, with no other communications occurring between Plaintiff and Defendant within five days thereof.

35. Here, the Collection Letter does not contain the information or disclosures required by § 1692g(a)(5), nor does any of the collection letters Defendant mailed out to Florida consumers in an attempt to collect a consumer debt.

PAGE | **5** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. As such, by failing to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(5) of the FDCPA in either the Collection Letter, or in a separate writing within five days thereof, Defendant violated § 1692g(a) of the FDCPA.

37. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for: (a) Statutory damages, as provided under 15 U.S.C. §1692k; (b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and (c) Such other or further relief as the Court deems proper.

### *COUNT II.*
### VIOLATION OF 15 U.S.C. § 1692e(11)

38. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

39. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

40. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter does Defendant inform Plaintiff that it (Defendant) is attempting to collect a debt and that any information obtained will be used for that purpose, let alone inform Plaintiff that it (Defendant) is a debt collector.

41. Accordingly, Defendant violated § 1692e(11) of the FDCPA by failing to inform Plaintiff in the Collection Letter that it (Defendant) was a debt collector and that it (Defendant) was attempting to collect a debt and that any information obtained will be used for that purpose.

42. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for: (a) Statutory damages, as provided under 15 U.S.C. §1692k; (b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and (c) Such other or further relief as the Court deems proper.

### *COUNT III.*
### VIOLATION OF 15 U.S.C. § 1692g(b)

43. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

44. Section 1692g(b) requires, among other things, that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

45. As set forth in more detail above, the Collection Letter fails to notify the least sophisticated consumer of the information and/or rights he or she is entitled to under § 1692g(a)(5), and the Collection Letter was the first and only communication Defendant mailed to Plaintiff within the applicable 30-day window. As such. the Collection Letter wrongfully overshadows and is otherwise inconsistent with the "disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor," and as a result thereof, Defendant violated § 1692g(b) of the FDCPA.

46. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for: (a)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Statutory damages, as provided under 15 U.S.C. §1692k; (b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and (c) Such other or further relief as the Court deems proper.

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

Case 0:19-cv-61783-UU   Document 14   Entered on FLSD Docket 08/30/2019   Page 8 of 8

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com