UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ELLIOT HICKEY, individually and on behalf
of all others similarly situated,

                    Plaintiffs,                          Case No. 0:19-CV-61783-UNGARO/HUNT

vs.

STRALEY & OTTO, P.A.,

                    Defendant

_____ /

## MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, STRALEY & OTTO, P.A. ("Defendant"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss First Amended Class Action Complaint and Incorporated Memorandum of Law, and states as follows:

## INTRODUCTION

Rather than respond to Defendant's initial Motion to Dismiss Complaint (the "Initial Motion to Dismiss") filed on August 15, 2019 [DE 11], Plaintiff, ELLIOT HICKEY, on behalf of himself and a putative class, filed his First Amended Class Action Complaint (the "Amended Complaint") on August 30, 2019 [DE 14], including two additional claims for alleged violations of 15 U.S.C. § 1692, *et seq.*, the federal Fair Debt Collection Practices Act ("FDCPA").  While the Amended Complaint remedies some of the issues raised in the Initial Motion to Dismiss by eliminating misplaced references to subsections of Fla. Stat. § 559.55, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and by dropping Count II of the Complaint

[DE 1], the Amended Complaint remains due for dismissal with prejudice for failure to state a cause of action.

The Amended Complaint asserts three statutory claims against Defendant on behalf of plaintiff and a putative class pursuant to: (1) § 1692g(a) of the FDCPA, which is based primarily on a debt collection letter sent by Defendant on December 18, 2018 (the "Collection Letter") that allegedly fails to include the required language under § 1692g(a)(5); (2) § 1692e(11) of the FDCPA, which is based on the same Collection Letter that allegedly fails to include the necessary disclosures to Plaintiff under § 1692e(11); and (3) § 1692g(b) of the FDCPA, again based on the same Collection Letter for allegedly wrongfully overshadowing due to the alleged violations of § 1692g(a)(5) and § 1692e(11) of the FDCPA.  *See* Counts I-III of Amended Complaint [DE 14 ¶¶ 32-46].

The Collection Letter includes the following language:

**In compliance with 15 U.S.C.S §1692(g)(a) the aforementioned attorney is attempting to collect a debt and any information obtained thereto will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice, dispute the validity of the aforementioned debt or any portion thereof, the aforementioned attorney will assume that said debt is valid. If you notify the aforementioned attorney in writing within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the aforementioned attorney shall obtain written verification of the said debt and mail same to you.**

Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a cause of action upon which relief can be granted.  As explained herein, Plaintiff has failed to state an actionable claim for violation of the FDCPA.  Contrary to Plaintiff's allegations, the exhibit to the Amended Complaint confirms Defendant's compliance with the disclosure requirements under § 1692g(a)(5) and § 1692e(11) of the FDCPA.  Accordingly, this Court should dismiss Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).

## MEMORANDUM OF LAW

### I.  Standard for Motion to Dismiss

In a complaint a plaintiff must plead "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A plaintiff is obligated to provide the "grounds" of her "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *Id.*  The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail to indicate that the plaintiff has a substantial case." *Id.* In determining "plausibility", the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950 ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). This Court must decide whether the factual allegations in the specific context of the case, if assumed to be true, allege a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949. "In assessing plausibility, courts also must consider the exhibits attached to a complaint, and—when contradictions arise between conclusory allegations and clear exhibits— the exhibits control." *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1287 (M.D. Fla. 2017)(citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007)); *see also Eiras v. State Dep't of Bus. & Prof'l Reg. Div. of Alcoholic Bevs. & Tobacco*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017).

## II. Plaintiff's FDCPA claims Should be Dismissed Pursuant to Rule 12(b)(6) Because the Debt Collection Letter Complies with § 1692g(a), § 1692e(11) and § 1692g(b) of the FDCPA

Plaintiff and the putative class member's statutory claims pursuant to § 1692g(a), § 1692e(11) and § 1692g(b) of the FDCPA concerning the content of the subject collection letter fail as a matter of law. As explained herein, the Collection Letter complies with § 1692g(a) of the FDCPA because the statement required under § 1692g(a)(5) is only applicable "if different from the current creditor." Second, the Collection Letter complies with § 1692e(11) of the FDCPA because the statutory requirement "to disclose in subsequent communications that the communication is from a debt collector" does not apply to initial communications, which is the only communication at issue here. Lastly, as the Collection Letter does not violate § 1692g(a) of the FDCPA, Plaintiff's claim under § 1692g(b) based on said violation similarly fails as a matter of law. Ultimately, a plain review of the letter at issue demonstrates that Defendant did not — in any way — violate the FDCPA.

Courts in the Eleventh Circuit use the 'least sophisticated consumer' standard when analyzing the disclosure requirements under the FDCPA. *See Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004) (citations omitted). As a general matter, language is overshadowing if it would make the least sophisticated consumer uncertain as to his or her rights. *Id.* "[T]he determination of

4

whether language overshadows the validation notice is a question of law." *Id*. "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *McCray v. Deitsch*, 343 F. Supp. 3d 1209, 1214 (M.D. Fla. October 26, 2018) quoting *Crawford v. LVNV Funding, LLC*, 758 F. 3d 1254, 1259 (11th Cir. 2014). And it is presumed "that the consumer possesses a rudimentary amount of information about the world and a willingness to read the communication with some care." *Edstrom-Smith v. Kass Shuler, P.A.*, 680 F. App'x 813, 814 (11th Cir. 2017) (unpublished) (alterations removed) (internal quotations and citations omitted). An examination of the Collection Letter, the statute and the relevant case law on point supports dismissal of Plaintiff's FDCPA claims.

### A. The § 1692g(a)(5) statement is not required if the original creditor is the current creditor.

Under 15 U.S.C. § 1692g(a), a debt collector is required to communicate certain information in its initial letter to the debtor. Section 1692g creates certain requirements for mandatory disclosures within five days of the initial communication from a debt collector to a consumer and expressly states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(a).

As mentioned above, § 1692g(a) of the FDCPA requires that certain information and rights be forwarded to the individual against whom collection activity has commenced. *See* 15 U.S.C. § 1692g(a)(1) – (5).  These items are often referred to collectively as the "validation notice," and they must be communicated effectively.  *D'Addario v. Enhanced Recovery Co, LLC*, 2011 WL 2881217, *2 (D. N.J. 2011).  The validation notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3rd Cir. 2000).  Importantly, the FDCPA does not prescribe any particular location on a collection letter where the validation notice must appear.  *See* 15 U.S.C. § 1692g(a).

Like in the initial Complaint, Plaintiff contends, in general, that the validation notice was not compliant "by failing to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(5) of the FDCPA in either the Collection Letter, or in a separate writing within five days thereof."  *See* ¶ 36, Amended Complaint [DE 14].  Although Plaintiff fails to allege the manner in which the validation notice was deficient, Plaintiff refers to § 1692g(a)(5), which requires "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, *if different from the current creditor*."  15 U.S.C. § 1692g(a)(5) (emphasis added).  Presumably, Plaintiff's claim is based on the Collection Letter's failure to offer to provide the name and address of Plaintiff's original creditor.  Importantly, however, Plaintiff

failed to consider or appreciate that the disclosure requirements under § 1692g(a)(5) are not required when the debt collector is acting on behalf of the original creditor. *See Shimek*, 323 F. Supp. 2d at 1348-49 (accepting the debt collector's argument that a debt collector need not include the § 1692g(a)(5) language in its debt collection letter when the current creditor is the original creditor, as an offer to provide information about a non-existent original creditor would in itself be a violation of the FDCPA because it would mislead consumers). Defendant's Collection Letter is akin to the letter that was found to be compliant in *Shimek*. *See* ¶ 16 & Ex. "A", Amended Complaint [DE 14].

Courts considering this issue have found ***no*** violation of the FDCPA when the collection letter includes the name of the creditor to whom the debt is owed. *See Id.*; *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 324 (E.D. Mich. 1992)(finding that the failure to include language comporting with section 1962g(a)(5) does not constitute a violation of the FDCPA when there is no indication that the current creditor is not the original creditor). Further, the very exhibit attached to the Plaintiff's Amended Complaint demonstrates compliance by including the name of the creditor (Environ Condominium I Association, Inc.) and by informing Plaintiff that "[t]he above referenced Association is the creditor to whom the debt is owed." *See* ¶ 16 & Ex. "A", Amended Complaint [DE 14]. The allegations and exhibit attached to the Amended Complaint do not suggest that the current creditor is not the original creditor, and therefore, Plaintiff fails to allege a violation of section 1692g(a) of the FDCPA. Accordingly, Count I should be dismissed with prejudice as a matter of law.

**B.     The Collection Letter contains the required disclosure under § 1692e(11) of the FDCPA.**

Count II of Plaintiff's Complaint should be dismissed because the Collection Letter Plaintiff complains of plainly complies with § 1692e(11). Section 1692e(11) prohibits:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector **is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added). The FDCPA provides bifurcated disclosure requirements for initial notices and subsequent notices. *Lorandeau v. Capital Collection Serv.*, 2011 U.S. Dist. LEXIS 101994, *15 (E.D. Pa. Sept. 8, 2011). Initial communications must disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *Id*. citing 15 U.S.C. § 1692e(11). Subsequent communications must disclose that "the communication is from a debt collector." *Id*. citing 15 U.S.C. § 1692e(11).

Plaintiff does not allege that the Collection Letter was a "subsequent communication." Instead, Plaintiff alleges that the Collection Letter is "the initial communication with Plaintiff in connection with the collection of the Consumer Debt." *See* ¶ 18, Amended Complaint [DE 14]. Plaintiff complains that the Collection letter fails to inform Plaintiff that it was a "debt collector" in violation of § 1692e(11) of the FDCPA. *See* ¶¶ 40-41, Amended Complaint [DE 14]. Plaintiff also complains that the Collection Letter fails to inform Plaintiff that it "is attempting to collect a debt and that any information obtained will be used for that purpose." *Id*. As Plaintiff alleges that the Collection Letter is the initial communication with Plaintiff, there is no dispute that to comply with § 1692e(11), Defendant's Collection Letter had to state that it "is attempting to collect a debt and that any information obtained will be used for that purpose." *Id*. Contrary to Plaintiff's allegations, the letter at issue does that explicitly. *See* ¶¶ 16 & Ex. "A", Amended Complaint [DE 14]. Further, as confirmed with the authority on the issue, the requirement to

disclose that the communication is from a "debt collector" is not triggered until a "subsequent communication" is sent by the debt collector.  *Id*.  Accordingly, the Collection Letter complies with the requirements of § 1692e(11), and Count II should be dismissed with prejudice as a matter of law.

      C.    **The Collection Letter does not wrongfully overshadow because the language contained in the Collection Letter is consistent with the validation notice requirements under the FDCPA.**

Section 1692g(b) of the FDCPA provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  *See* ¶ 44, Amended Complaint [DE 14].  Plaintiff alleges that "the Collection Letter was the first and only communication Defendant mailed to Plaintiff within the applicable 30-day window."  *Id*. at ¶ 45.  As such, the only communication at issue is the Collection Letter.

The court evaluates whether overshadowing or contradiction occurred under the "least sophisticated consumer" standard and looks at whether the debt collector's language and tactics are being employed to mislead the least sophisticated recipients of its debt collection letters.  *See Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010).  As stated supra, Plaintiff's 1692g(a)(5) claim fails as a matter of law because the Collection Letter satisfies the disclosure requirements under the FDCPA. As such, Plaintiff's attempt to rely on the alleged violation of § 1692g(a)(5) to assert that the Collection Letter violates § 1692g(b) fails for the same reason.  Moreover, as the validation notice is compliant, not even the least sophisticated consumer would have been misled by the Collection Letter.  *See* ¶¶ 16 & Ex. "A", Amended Complaint [DE 14]. Instead, as stated *supra*, courts have reasoned that inclusion of the § 1692g(a)(5) language in a debt collection letter when the original creditor is the current

creditor, could actually mislead consumers and would in itself be a violation of the FDCPA.  *See*

*Shimek*, 323 F. Supp. 2d at 1348-49.   In sum, Plaintiff's interpretation is bizarre and

idiosyncratic, and his Amended Complaint should be dismissed with prejudice.

### CONCLUSION

Plaintiff's FDCPA claims fail because Defendant's debt collection letter at issue does not

violate § 1692g(a) or § 1692e(11).   Instead, the Collection Letter includes all of the necessary

disclosures required under the FDCPA. For the same reasons, Plaintiff's FDCPA claim, based on

an alleged violation of § 1692g(a), fails. Based on the foregoing, this Court should dismiss

Plaintiff's Amended Complaint, in its entirety, with prejudice since there are no facts Plaintiff

could allege to support a violation of the FDCPA.

WHEREFORE, Defendant, STRALEY & OTTO, P.A., requests this Court enter an order

dismissing Plaintiff's Amended Complaint with prejudice, and award any other appropriate relief

in Defendant's favor.

*s/ Barbara Fernandez*

Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant STRALEY & OTTO,
P.A.

10

Case No. 0:19-CV-61783-UNGARO/HUNT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2019, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

the following:

Thomas J. Patti. Esq.
Law Offices of Jibrael S. Hindi
110 S.E. 6th Street
17th Floor
Ft. Lauderdale, FL   33301
Tel:  954-907-1136
Fax: 954-529-9540
Email:  tom@jibraellaw.com;
Jibrael@jibraellaw.com
Attorneys for Plaintiffs

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant STRALEY & OTTO,
P.A.

304299867v1 1022810