UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-61783-UU

ELLIOT HICKEY,

    Plaintiff,

v.

STRALEY & OTTO, P.A.,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff ELLIOT HICKEY ("Plaintiff") submits this Response in Opposition to Defendant STRALEY & OTTO, P.A.'s ("Defendant") Motion to Dismiss [D.E. 16].

**INTRODUCTION & BACKGROUND**

1. On August 30, 2019, Plaintiff filed the operative Complaint, Plaintiff's First Amended Complaint (the "FAC") [D.E. 14], alleging Defendant violated the Fair Debt Collection Practices Act (the "FDCPA") by mailing an unlawful collection letter (the "Collection Letter), *see* D.E. 14-1, to Plaintiff in an attempt to collect a debt.

2. Plaintiff alleges three claims in the FAC: **[1]** Defendant violated § 1692g(a) of the FDCPA "by failing to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(5) of the FDCPA in [] the Collection Letter" ("Plaintiff's First Claim"), *see* D.E. 14 at ¶ 36; **[2]** "Defendant violated § 1692e(11) of the FDCPA by failing to inform Plaintiff in the Collection Letter that it (Defendant) was a debt collector…." ("Plaintiff's Second Claim"), *see* D.E. 14 at ¶ 41; and **[3]** Defendant violated § 1692g(b) because "the Collection Letter wrongfully overshadows and is otherwise inconsistent with the 'disclosure of the consumer's right

to dispute the debt or request the name and address of the original creditor….'" ("Plaintiff's Third Claim"), *see* D.E. 14 at ¶ 45.

3. In simplest terms, Plaintiff's three claims focus solely on the content (*or, more accurately, the lack thereof*) of the Collection Letter. In particular, Plaintiff claims that the Collection Letter, *as Defendant's first and only communication with Plaintiff in connection with the collection of the underlying debt*, [1] violates § 1692g(a) of the FDCPA because the Collection Letter omits the disclosures required by § 1692g(a)(5), [2] violates § 1692e(11) of the FDCPA because Defendant does not identify itself as a *debt collector* in the Collection Letter, and [3] violates § 1692g(b) of the FDCPA because the Collection Letter overshadows and/or is otherwise inconsistent with the consumer's right request the name and address of the original creditor.

4. On September 13, 2019, in response to the FAC, Defendant filed the Motion to Dismiss ("Defendant's Motion" or "Motion") [D.E. 16] now before this Court. In the Motion, in response to Plaintiff's three claims, Defendant presents three in-kind arguments: **[1]** "[T]he disclosures under § 1692g(a)(5) are not required when the debt collector is acting on behalf of the original creditor" ("Defendant's First Argument"), *see* D.E. 16 at 6-7; [2] only "subsequent communications must disclose that 'the communication is from a debt collector'" ("Defendant's Second Argument"), *see* D.E. 16 at 7-8; and [3] the Collection Letter does not violate § 1692g(b) because "the Collection Letter satisfies the disclosure requirements under [§ 1692g(a)] of the FDCPA" ("Defendant's Third Argument"), *see* D.E. 16 at 9.

5. As discussed below, issues before this Court are quite limited. Defendant does not challenge its status as a debt collector, nor does Defendant challenge that it mailed the Collection Letter to Plaintiff in an attempt to collect a consumer debt. Rather, the arguments made by Defendant focus on whether Defendant engaged in conduct prohibited by the FDCPA.

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **ARGUMENT**

6.  A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

7.  Under Rule (8)(a)(2) of the Federal Rules of Civil Procedure, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), and in doing so, did not radically alter federal pleading standards under Rule 8. Under Twombly, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. Twombly, 550 U.S. at 544-55.

8.  Accordingly, such is consistent with the requirements of Rule 8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair notice of what . . . the claim is and the grounds upon which it rests.'" Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007); *see also* Coupons, Inc. v. Stottlemire, 588 F. Supp. 2d. 1069, 1073 (N.D. Cal. 2008) (citing Twombly, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). Moreover, "[t]he defendant bears

PAGE | **3** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3rd Cir. 2005).

**STATING A CLAIM UNDER THE FDCPA AND THE LEAST SOPHISTICATED CONSUMER STANDARD**

9. "To state a claim under the FDCPA, a plaintiff must plead: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Bohringer v. Bayview Loan Servicing, LLC, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (*quoting* Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011)). Here, Defendant's Motion focuses solely on the third element, *in that*, Defendant claims that it *has not engaged in an act or omission prohibited by the FDCPA*.

10. The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010).

**DEFENDANT'S FIRST ARGUMENT FAILS AND IS OTHERWISE DEFEATED BY THE EXPLICIT LANGUAGE OF § 1692g(a) AND ELEVENTH CIRCUIT PRECEDENT.**

11. Defendant argues the Collection Letter does not violate § 1692g(a) because "the disclosure requirements under § 1692g(a)(5) are not required when the debt collector is acting on

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

behalf of the original creditor." D.E. 16. The very language of the statute, however, quickly reveal this proposition to be completely false.

12.     The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. To determine whether a debt collector's conduct is prohibited by the FDCPA, courts must begin where all such inquiries must begin, with the language of the statute itself. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014)

13.     Section 1692g(a) of the FDCPA states, in relevant part: "*Within five days after the initial communication with a consumer in connection with the collection of any debt*, **a debt collector shall** ... *send the consumer a* **written notice** *containing ... a* **statement** *that, upon the consumer's* **written request** *within the thirty-day period, the debt collector* **will provide** *the consumer with the name and address of the* **original** *creditor, if different from the* **current** *creditor.*" 15 U.S.C. § 1692g(a)(5).

14.     Here, the principal thrust of Defendant's argument is that the language, "*if different from the current creditor*," somehow exempts debt collectors for providing the compulsory statement required by § 1692g(a)(5) if the *original* creditor and the *current* creditor are the same. Defendant's argument, however, is simply preposterous, and for that matter, the two non-binding opinions offered by Defendant do not faithfully apply the law.

15.     Section 1692g(a) makes explicitly clear, Defendant *shall* provide the least sophisticated consumer with *written notice* containing a *statement* that, upon the consumer's *written request*, the debt collector *will* provide the consumer with the name and address of the *original* creditor, if different from the *current* creditor. 15 U.S.C. § 1692g(a)(5). In full, § 1692g(a)(5) *explicitly* requires a "*statement that, upon the consumer's written request within the*

PAGE | **5** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*" The language "*if different from the current creditor*" is not an exception **it is part of the compulsory statement**. *See* Lowery v. Ala. Power Co., 483 F.3d 1184, 1204 (11th Cir.2007) ("we must construe [a] statute to give effect, if possible, to every word and clause.").

  16. Whether debt collectors are able to lawfully omit or modify the explicit disclosures of § 1692g(a) has been addressed by the Eleventh Circuit in Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268 (11th Cir. 2016) ("We must read the FDCPA in a way that gives full effect to each of the protections at stake."). In Bishop, the court stated, in relevant part:

> We reject the notion that § 1692g gives debt collectors discretion to omit the "in writing" requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing. 15 U.S.C. § 1692g(a). Likewise, the consumer has a right to verification only if she disputes the debt in writing. Id. § 1692g(b); *see also* Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir.2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146 (3d Cir.2013) ("[A] dispute of a debt must be in writing in order to be effective...."); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1081 (9th Cir.2005) (explaining that a consumer can trigger the right to verification "only through written dispute"). Nothing in the statute suggests that debt collectors have discretion to relax these requirements.

817 F.3d 1268 at 1274. To read § 1692g(a)(5) as allowing debt collectors to omit (or as the 11th Circuit stated above, "relax") the entirety of the explicitly required statement if the *original* creditor is the same as the *current* creditor is completely contrary to the Eleventh Circuit's findings in Bishop. *See*, *e.g.*, 817 F.3d 1268 at 127 (wherein the defendant argued "that notice of the 'in writing' requirement is unnecessary because the attorney is capable of researching that

requirement and explaining it to the consumer," however, the court was not persuaded, stating "[w]hatever the merits of this argument as a policy matter, it fails because there is no textual basis for treating the 'in writing' requirement differently from the other rights contained in § 1692g.").

17. Moreover, to allow debt collectors to completely omit the compulsory statement required by § 1692g(a)(5), merely because the *current* creditor and the *original* creditor are the same, denies the least sophisticated consumer of the right to request, in writing and within a the applicable 30-day period, the *address* of the original creditor from the debt collector. *See* 15 U.S.C. § 1692g(a)(5) (requiring the debt collector to "provide the consumer with the **name and address** of the original creditor…."). With respect to the matter at hand, the Collection Letter does not identify any entity as the "original" creditor, nor does the Collection Letter provide *any* address of the current creditor.

18. As such, the fact remains, the Collection Letter *does not* contain the statement explicitly required by § 1692g(a)(5). Defendant cannot exempt itself from providing what is clearly a *mandatory statement* because the original creditor and current creditor are the same. To do so completely denies the least sophisticated consumer of the full breadth of rights he or she enjoys under § 1692g(a) and otherwise flies in the face of the purpose of the § 1692g(a) disclosures. As the Eleventh Circuit reiterated in LeBlanc v. Unifund CCR Partners:

> That [FDCPA] was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous ..." and [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

601 F.3d 1185, 1194 (11th Cir. 2010) (*citing* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-73 (11th Cir. 1985).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**DEFENDANT'S SECOND ARGUMENT FAILS IN LIGHT OF BINDING PRECEDENT.**

19. Defendant's second argument, that it (Defendant) need not identify itself as a debt collector in its initial communication with the consumer, is simply erroneous. In the Motion, Defendant states, "as confirmed with the authority on the issue, the requirement to disclose that the communication is from a 'debt collector' is not triggered until a 'subsequent communication' is sent by the debt collector" D.E. 16 at 8-9, however, exactly what authority Defendant is referencing is uncertain.

20. What is certain, however, is that in Edwards v. Niagara Credit Sols., Inc., the Eleventh Circuit explicitly stated that: "The Fair Debt Collection Practices Act specifically requires that a debt collector **disclose in all communications with a debtor that the message is from a debt collector**." 584 F.3d 1350, 1351 (11th Cir. 2009) ((emphasis added) (*citing* 15 U.S.C. § 1692e(11); *see also* In re Holyfield, 740 F. App'x 695, 698 (11th Cir. 2018) (*quoting* Edwards); Thorne v. Accounts Receivable Mgmt., Inc., 2012 WL 3108662, at *12 (S.D. Fla. July 24, 2012) (*quoting* Edwards).

21. Accordingly, Defendant's argument is simply misguided and *wrong*. Defendant's *failure* to identify itself in the Collection Letter as a debt collector is *absolutely* a violation of § 1692e(11) of the FDCPA. At this stage, however, the only question is whether Plaintiff successfully stated a claim under § 1692e(11) and, in light of the above, Plaintiff easily survives this threshold inquiry.

**DEFENDANT'S THIRD ARGUMENT FAILS, AS SUCH ARGUMENT IS PERCHED UPON DEFENDANT'S ERRONEOUS FIRST ARGUMENT.**

22. Defendant's Third Argument, *i.e.*, that the Collection Letter does not violate § 1692g(b) because the Collection Letter satisfies the disclosure requirements under § 1692g(a) of the FDCPA, hinges entirely on Defendant's First Argument. As explain above, Defendant's First

PAGE | **8** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Argument is completely erroneous, and as such, the Collection Letter *does not* contain or otherwise provide least sophisticated consumer with the compulsory statement mandated by § 1692g(a)(5). *See* 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."). Simply put, the Collection Letter is inconsistent with the consumer's right request the name and address of the original creditor, and as such, unlawfully overshadows the rights enjoyed by the least sophisticated consumer in violation of § 1692g(b). Accordingly, Defendant's Third Argument is without merit.

## CONCLUSION

23.     WHEREFORE, for the reasons stated above, Plaintiff, respectfully, asks this Court to *deny* Defendant's Motion to Dismiss [D.E. 16], award Plaintiff attorneys fees and costs in responding to Defendant's frivolous arguments, and provide any further relief this Court deems just and proper.

DATED: September 27, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 26, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com