UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ELLIOT HICKEY, individually and on behalf
of all others similarly situated,

      Plaintiffs,

vs.

STRALEY & OTTO, P.A.,

      Defendant

Case No. 0:19-CV-61783-UNGARO/HUNT

_____/

**REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, STRALEY & OTTO, P.A. ("Defendant"), by and through undersigned counsel, and pursuant to Local Rule 7.1(c), hereby files its Reply to Plaintiff's, ELLIOT HICKEY, Response in Opposition to Defendant's Motion to Dismiss First Amended Class Action Complaint and Incorporated Memorandum of Law (the "Response") [DE 18], and states as follows:

In his Response, Plaintiff fails to offer a single decision that addresses or contradicts the authority relied on by Defendant seeking dismissal of Plaintiff's claims.  Instead, Plaintiff offers misplaced arguments and relies on inapplicable authority to oppose Defendant's Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law (the "Motion to Dismiss").  [DE 16]  As set forth in detail in Defendant's Motion to Dismiss, Counts I and II of Plaintiff's Amended Complaint warrant dismissal for failure to state a cause of action upon which relief can be granted because the Collection Letter attached as an exhibit to the Amended Complaint clearly reflects that it complies with the disclosure and notice requirements under sections 1692g(a)(5) and 1692e(11) of the federal Fair Debt Collection Practices Act

("FDCPA").  [DE 14, ¶ 16 Ex. "A"]  Likewise, as Plaintiff's third claim, based on an alleged violation of section 1692g(b) of the FDCPA, stems from the meritless claim asserted in Count I of the Amended Complaint, the Court should dismiss Count III of the Amended Complaint with prejudice.

First, Plaintiff argues that the statement required under section 1692g(a)(5) of the FDCPA is a compulsory statement, despite the limiting language, "*if different from the current creditor*," included in clause 5 of section 1692g(a) of the FDCPA.  [DE 18, ¶ 14-15]  Plaintiff proposes that the two opinions offered by Defendant to support dismissal of Plaintiff's section 1692g(a)(5) claim "do not faithfully apply the law."  *Id*.  However, contrary to his unsupported position, the *Shimek* and *Stojanovski* courts considered virtually identical claims as the claim asserted by Plaintiff here, and properly determined that the claim lacked merit.  *See Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004); *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 324 (E.D. Mich. 1992).  In *Shimek*, the plaintiffs complained that the defendant "violated Section 1692g(a)(5) of the FDCPA by failing to offer to provide the name and address of Plaintiff's original creditors, or, alternatively, by providing the name but not the address of the original creditors."  323 F. Supp. 2d at 1348-49.  The court correctly found that inclusion of the section 1692g(a)(5) language in a debt collection letter when the current creditor is the original creditor would in itself be a violation of the FDCPA because it would mislead consumers.  *See id.*  Similarly, in *Stojanovski*, the plaintiff complained that the letter violated section 1692g(a)(5) of the FDCPA "because it [did] not inform the consumer that the debt collector will not provide the name and address of the original creditor if it's not the current creditor."  783 F. Supp. at 324.  The court found that there "was no indication that [the creditor] Chrysler was not the original

creditor, and in fact it [was] conceded that Chrysler was the original creditor." *Id*. As such, the court held that, "[a]s Chrysler is the original creditor, there is no reason for defendant to insert language comporting with the last clause of section 1692g(a)(5)." *Id*.

Instead of offering authority that concerns a debt collector's disclosure requirements under section 1692g(a)(5) of the FDCPA, Plaintiff cites to *Bishop v. Ross Earle & Bonan, P.A.*, which deals with the requirement to notify consumers of their right to dispute the debt in writing under section 1692g(a)(3) of the FDCPA. 817 F.3d 1268 (11th Cir. 2016). What Plaintiff fails to appreciate though, is that clause 3 of section 1692g(a) of the FDCPA does not provide the same limitation as the statement required under section 1692g(a)(5). Section 1692g(a)(3) of the FDCPA requires that a debt collector include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." However, section 1692g(a)(5) of the FDCPA requires that a debt collector include "a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, **if different from the current creditor**." Since section 1692g(a)(3) of the FDCPA does not have the same limitation as section 1692g(a)(5), Plaintiff's reliance on *Bishop* is of no significance and provides no value to the Court. In line with the reasoning set forth in *Shimek* and *Stojanovski*, and because Plaintiff failed to provide this Court with any authority that contradicts the sound authority relied on by Defendant, the Court should dismiss Count I of Plaintiff's Amended Complaint with prejudice.

Similar to Plaintiff's feeble attempt to oppose Defendant's grounds for dismissal of Count I of the Amended Complaint, Plaintiff, again, fails to direct this Court to any salient authority that merits consideration by the Court in disposing of Count II. Plaintiff argues that

Defendant's "*failure* to identify itself in the Collection Letter as a debt collector is *absolutely* a violation of § 1692e(11) of the FDCPA."  [DE 18, ¶ 21]  In support of his position, Plaintiff relies on *Edwards v. Niagara Credit Sols., Inc.*, to argue that the Collection Letter violated section 1692g(a)(3) of the FDCPA because "a debt collector must disclose in all communications with a debtor that the **message** is from a debt collector." 584 F.3d 1350, 1351 (11th Cir. 2009) (emphasis added).  Unlike the facts present in this case, which concern an "**initial written communication**" by Defendant, *Edwards* analyzed a debt collector's obligations under section 1692e(11) of the FDCPA as to "**subsequent communications**" only.  *See id.* at 1354 n.4. ("All the communications alleged in this case were "subsequent communications" within the meaning of § 1692e(11).").  Moreover, *Edwards* deals with **messages** a debt collector left on an answering machine.  *See id.* at 1352.  It is clear that Plaintiff fails to appreciate the distinction between initial and subsequent written communications, as well as the obligations imposed by the FDCPA on debt collectors regarding each type of communication.  *See Lorandeau v. Capital Collection Serv.*, 2011 U.S. Dist. LEXIS 101994, *15 (E.D. Pa. Sept. 8, 2011) ("The FDCPA provides bifurcated disclosure requirements for initial notices and subsequent notices.").  As the only communication complained of by Plaintiff here is an **initial written communication**, a plain reading of section 1692e(11) of the FDCPA does not require a debt collector to disclose that the communication is from a debt collector.  [DE 14, ¶ 45] ("the Collection Letter was the first and only communication Defendant mailed to Plaintiff within the applicable 30-day window.").  Instead, section 1692e(11) of the FDCPA requires disclosure that "the communication is from a debt collector" only when it is a "subsequent communication" by a debt collector.  In sum, Plaintiff's Response fails to provide this Court with any basis to deny

Defendant's Motion to Dismiss.  Accordingly, Count II of the Amended Complaint should be dismissed with prejudice as a matter of law.

In Count III of Plaintiff's Amended Complaint, he attempts to assert a violation of section 1692g(b) of the FDCPA.  This claim, however, hinges on whether Plaintiff asserts an actionable claim for a violation of section 1692g(a)(5) of the FDCPA in Count I of the Amended Complaint.  As stated *supra*, Plaintiff's section 1692g(a)(5) claim fails as a matter of law because the Collection Letter satisfies the disclosure requirements under the FDCPA.  Upon the Court's determination that Count I of the Amended Complaint fails as a matter of law, the dismissal with prejudice of Count III is also warranted.

Based on the foregoing, this Court should dismiss Plaintiff's Amended Complaint, in its entirety, with prejudice since there are no facts Plaintiff could allege to support a violation of the FDCPA.

*s/ Peter A. Hernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant STRALEY & OTTO, P.A.

Case No. 0:19-CV-61783-UNGARO/HUNT

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas J. Patti. Esq.
Law Offices of Jibrael S. Hindi
110 S.E. 6th Street
17th Floor
Ft. Lauderdale, FL   33301
Tel:  954-907-1136
Fax: 954-529-9540
Email:  tom@jibraellaw.com;
Jibrael@jibraellaw.com
Attorneys for Plaintiffs

*s/ Peter A. Hernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Peter A. Hernandez
Florida Bar No. 64309
pahernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant STRALEY & OTTO, P.A.

304462271v1 1022810