**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:19-CV-61783-UU

ELLIOT HICKEY, individually and
on behalf of all others similarly situated,

    Plaintiff,
v.

STRALEY & OTTO, P.A.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss First Amended Class Action Complaint (D.E. 16) (the "Motion"). The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

### I.  Background

Unless otherwise indicated, the following facts are taken from the first amended class action complaint. D.E. 14 (the "Complaint"). Defendant Straley & Otto, P.A. ("Defendant") is a business entity engaged in the business of soliciting consumer debts for collection and collecting consumer debts. *Id.* ¶¶ 10–11. Plaintiff Elliot Hickey ("Plaintiff") incurred some unspecified Consumer Debt primarily for personal, family, or household purposes. *Id.* ¶ 9. Through a letter dated December 5, 2018, Defendant sent its initial communication to Plaintiff in connection with its attempt to collect the Consumer Debt. *Id.* ¶ 16 & Ex. 1 (the "Collection Letter"). The Collection Letter, which references unpaid assessments, reflects that Plaintiff owes $953.00 on his account to Environ Condominium I Association, Inc. (the "Association") and that failure to pay the balance

1

could result in the Association recording a Claim of Lien against Plaintiff's property. Compl. Ex. 1 at 1–2. The Collection Letter expressly states at the very end:

> **In compliance with 15 U.S.C.S §1692(g)(a) the aforementioned attorney is attempting to collect a debt and any information obtained thereto will be used for that purpose. The above referenced Association is the creditor to whom the debt is owed. Unless you, the debtor, within thirty (30) days after receipt of this notice, dispute the validity of the aforesaid debt or any portion thereof, the aforementioned attorney will assume that said debt is valid. If you notify the aforementioned attorney in writing within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the aforementioned attorney shall obtain written verification of the said debt and mail same to you.**

*Id.* at 2 (emphasis in original).

As a result of the Collection Letter, Plaintiff paid money to Defendant to satisfy some or all of the Consumer Debt. *Id.* ¶ 19.

## II. Procedural Background

On July 16, 2019, Plaintiff commenced this action against Defendant based on alleged omissions from the Collection Letter. *See* D.E. 1. In the operative first amended putative class action[1] Complaint, Plaintiff brings three claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In Count I, Plaintiff alleges that the Collection Letter does not contain the disclosure required by 15 U.S.C. § 1692g(a)(5). *See* Compl. ¶¶ 32–37. In Count II, Plaintiff alleges that the Collection Letter does not adequately inform Plaintiff that Defendant is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, as required by 15 U.S.C. § 1692e(11). *See* Compl. ¶¶ 38–42. In Count III, Defendant alleges that the Collection Letter overshadows and is inconsistent with the disclosure of the

---

[1] Plaintiff purports to represent a class "consisting of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) and said letter violates § 1692g(a), § 1692g(b), or § 1692e(11) of the FDCPA." Compl. ¶ 20. He alleges "on information and belief" that "Defendant has dispatched thousands of identical letters to addresses in Florida" that all violate class members' FDCPA rights. *Id.* ¶ 21. Plaintiff alleges no facts pertaining to any other recipient of any other letter.

consumer's right to dispute the debt or request the name and address of the original creditor, as required by 15 U.S.C. § 1692g(b). *See* Compl. ¶¶ 43–46.

### III. Legal Standard

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679.

In deciding a motion to dismiss, a district court can consider a complaint's nonconclusory allegations and the exhibits attached to the complaint. *See, e.g.*, *Reese v. Ellis, Painter, Ratterree*

*& Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012). "When exhibits attached to a complaint contradict a plaintiff's general and conclusory allegations, the exhibits govern despite a court's duty to accept a plaintiff's allegations as true." *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007)); *see also Bryant v. Aargon Collection Agency, Inc.*, No. 17-cv-14096-MIDDLEBROOKS, 2017 WL 2955532, at *7 n.10 (S.D. Fla. June 30, 2017).

## IV.    Discussion

Each count of Plaintiff's Complaint fails to state a valid claim under the FDCPA.

As to Count I, Section 1692g(a) in total requires a debt collector, within five days after the initial communication with a consumer in connection with the collection of any debt, to send a follow-up written notice with specific contents, unless the requisite information is contained in the initial communication or the consumer has paid the debt.  Subsection 1692g(a)(5) specifically requires either the initial communication or the follow-up notice to contain "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, <u>if different from the current creditor</u>." (Emphasis added).  Plaintiff does not allege why Section 1692g(a)(5) would be applicable—that is, he does not allege that the Association (the current creditor) is not the original creditor.  As a matter of law, then, he has not sufficiently alleged that the absence of any Section 1692g(a)(5) language from the Collection Letter violated the FDCPA. *See, e.g.*, *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1348–49 (N.D. Ga. 2003) ("Plaintiff has not cited any authority that requires the inclusion of this language when the debt collector is acting on behalf of the original creditor. Therefore, based on the plain language of the statute and the authority cited by Defendant, the Court concludes that Defendant complied with the FDCPA by providing the

name of the creditor to whom the debt was owed."); *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 324 (E.D. Mich. 1992) ("There is no indication that Chrysler was not the original creditor, and in fact it is conceded that Chrysler was the original creditor. As Chrysler is the original creditor, there is no reason for defendant to insert language comporting with the last clause of section 1692g(a)(5). This court finds no violation of 15 U.S.C. § 1692g(a)(5)."). [2]

In his response to the Motion, Plaintiff does not argue that he should be granted leave to amend his complaint to allege that the Association was not the original creditor. Nor does Plaintiff identify any cases whatsoever—let alone Eleventh Circuit cases—holding that a debt collection letter must include the Section 1692g(a)(5) language even where the current creditor is the original creditor. Instead, Plaintiff argues, based only on his own interpretation of the statutory text, that the FDCPA requires such language in every instance, failing which a plaintiff can sue. Adopting Plaintiff's interpretation would not only run contrary to the overwhelming weight of authority, it would also lead to an absurd result. *Cf. Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 956 (8th Cir. 2006) (where letter identified McDonald's stores as the original creditors to whom the debt was owed, the absence of a Section 1692g(a)(5) statement is "at best" a "technical and meaningless

---

[2] Though Plaintiff is correct that these cases are not binding precedent, *see* D.E. ¶ 14, the Court is persuaded by the cogent reasoning of these and other courts in their interpretation of Section 1629g(a)(5). *See also Sinclair v. Works & Lentz, Inc.*, 2014 WL 12781152, at *2 (N.D. Okla. May 21, 2014) (dismissing Section 1692g(a)(5) claim where "The Petition does not allege the original creditor differs from the current creditor, nor does the Letter contain any such indication. Plaintiff's quotations from caselaw are unavailing, as they stand for the general proposition that the notice requirements of § 1692g(a) are mandatory. None hold that a subsection (a)(5) statement is mandatory in every instance. Though plaintiff contends the Letter must 'expressly identify' the original creditor as such, none of the cited cases contain such a requirement."); *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1132 (W.D. Wis. 2004) ("15 U.S.C. § 1692g(a)(5) requires that debt collectors advise debtors that the collectors will furnish the name and address of the 'original creditor' if asked. A plain reading of this section shows that it applies only if the original creditor is 'different from the current creditor.' 15 U.S.C. § 1692g(a)(5). Because the Association was both the original creditor for this debt and the current creditor when defendant sent the letter, this requirement does not apply to defendant. Defendant did not violate 15 U.S.C. § 1692g(a)(5)."); *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 639 (N.D. Ill. 2002) ("Finally, McCabe claims Crawford failed to provide the name and address of the original creditor, which is a requirement under § 1692g(a)(5) if the original creditor differs from the present creditor. But McCabe's claim fails as a matter of law because in this case the creditor, Budget Rent A Car, remained the same. Because the FDCPA does not require any notice in these circumstances, McCabe fails to state a claim under § 1692g(a)(5).").

omission" which "could not have been seen by Congress as a purposeful violation of the FDCPA"). As a result, the Court finds Count I should be dismissed with prejudice, as amendment would be futile.

As to Count II, 15 U.S.C. § 1629e(11) prohibits a debt collector from "fail[ing] to disclose in the initial written communication with the consumer… that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." The Collection Letter is Defendant's initial written communication with Plaintiff. Compl. ¶ 18. The Collection Letter expressly states that "**the aforementioned attorney**"—meaning Defendant—"**is attempting to collect a debt and any information obtained thereto will be used for that purpose**." *Id.* Ex. 1 at 2 (emphasis in original). To the extent Plaintiff alleges that the Collection Letter fails to comply with Section 1629e(11), *see id.* ¶¶ 38–42, these allegations are contradicted by the Collection Letter itself and must be disregarded. *See Kinsey*, 509 F. App'x at 853. Plaintiff has not stated and cannot state a claim under Section 1629e(11). The Court will dismiss Count II with prejudice.

Finally, as to Count III, 15 U.S.C. § 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." The only collection activity or communication at issue in this case is the Collection Letter. *See* Compl. ¶ 45. Count III is entirely premised on the alleged overshadowing/inconsistency by failing to include a Section 1692g(a)(5) statement in the Collection Letter. *See id.* But the Court has already held as a matter of law that the Collection Letter did not need to include a Section 1692g(a)(5) statement because Plaintiff has not alleged

(and does not seek leave to allege) that the Association is not the original creditor.  Count III therefore also fails as a matter of law.

### V.      Conclusion

For the reasons discussed *supra*, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 16, is GRANTED. All counts of the amended Complaint, D.E. 14, are DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. All hearings and deadlines are CANCELLED; all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this _3d__ day of December, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record